■ VINCENT JORNOV et al., Respondents, v ACE SUZUKI SALES AND SERVICE, INC., et al., Appellants. [648 NYS2d 800] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Connor, J.), entered November 6, 1995 in Columbia County, which denied a cross motion by defendant Ace Suzuki Sales and Service, Inc. for summary judgment dismissing the complaint.

Plaintiffs, Vincent Jornov and his wife, commenced this personal injury action following Jornov's slip and fall on Feb-

ruary 23, 1994, at approximately 10:00 A.M. The accident occurred in a parking lot of the premises known as "Ace Suzuki" located in the Town of Kinderhook, Columbia County, owned and operated by defendant Ace Suzuki Sales and Service, Inc. (hereinafter Ace Suzuki). The parties do not dispute that it was snowing at the time Jornov claimed he fell. Meteorological proof in the record indicates that a winter storm began in the area between 6:30 A.M. and 7:00 A.M., causing freezing rain and snow to fall "continuously through the balance of the day, eventually accumulating to a depth of approximately five to seven inches". Ace Suzuki's sole shareholder, Alan Smith, averred that he plowed the subject parking lot at 9:30 A.M. down to the pavement, but it was still snowing hard and "snow began to accumulate as soon as [he] was finished". After Jornov arrived at the lot to pick up a snowmobile, he noticed what he estimated to be "three to four inches of snow on the ground". Thereafter, while loading his snowmobile onto his truck, Jornov claims that he suddenly slipped and fell to the ground. As Jornov lay on the ground, he alleges that he noticed for the first time what he described as "a thick layer of ice" underneath the snow.

Following the commencement of this action and joinder of issue, plaintiffs moved for an order requiring the examination before trial of defendants' representatives. Ace Suzuki crossmoved for summary judgment dismissing the complaint. Supreme Court, *inter alia*, denied Ace Suzuki's cross motion and this appeal followed.

In our view, Supreme Court erred in denying Ace Suzuki's cross motion for summary judgment. Defendants maintain that Ace Suzuki cannot be held liable for Jornov's injuries as a matter of law because its duty to keep the parking lot clear of ice was suspended until a reasonable time after the cessation of the " 'storm in progress' " (*Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994). Plaintiffs argue, however, that it was not snow or ice from the ongoing storm that caused Jornov to slip, but a patch or sheet of ice negligently left over from a snowstorm which preceded the subject accident (*see, e.g., Boyko v Limowski*, 223 AD2d 962, 963). As support for this argument, plaintiffs submit only Jornov's affidavit, wherein he states that: "It is my recollection that in the week prior to my accident, it had been unusually warm for a day or two. This undoubtedly allowed the snowbank to melt and water to accumulate on the parking lot prior to the snow storm in question. When the weather turned colder * * * the accumulated water froze, leaving a sheet of ice. It is [Ace Suzuki's] failure to remove this ice that was the cause of my fall and resulting injury."

While Supreme Court found that this proof was sufficient to raise a triable issue of fact, we find that even if there had been a recent prior storm and thaw prior to the subject storm as alleged by plaintiffs, Jornov's theories concerning the melting of a snowbank and the creation of ice are far too conjectural to raise an inference that Ace Suzuki had actual or constructive notice of an icy condition unrelated to the winter storm in progress (*see, Gernard v Agosti,* 228 AD2d 994, 995; *see also, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Grillo v New York City Tr. Auth.,* 214 AD2d 648, 649, *lv denied* 87 NY2d 801). Given the weather report's suggestion that freezing rain covered the area in the early hours of the storm, plaintiffs' unsupported assertion that "old" ice, as opposed to "new" ice, caused the alleged hazardous condition can only be considered speculative.

Furthermore, we note that while both Ace Suzuki and defendant Ace Suzuki, Inc. filed a notice of appeal from Supreme Court's decision and apparently both request summary judgment in their brief, only Ace Suzuki formally made a motion for such relief before Supreme Court. Nevertheless, it is apparent from the record that both defendants are virtually indistinguishable and even plaintiffs make no distinction between the two. Accordingly, upon searching the record, we find it appropriate to grant summary judgment dismissing the complaint to both defendants (*see, Sherba v Midstate Precast Sys.,* 230 AD2d 944).

Plaintiffs' remaining arguments have been examined and found to be unpersuasive.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion granted, summary judgment awarded to defendants and complaint dismissed.