■ LYNN BERTMAN et al., Respondents, v BOARD OF MANAGERS OF OMNI COURT CONDOMINIUM I et al., Defendants, and SUPERIOR LAWNS AND LANDSCAPING, INC., et al., Appellants. [649 NYS2d 799] —In an action to recover damages for personal injuries, etc., (1) the defendant Superior Lawns and Landscaping, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated January 13, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims, and (2) the defendants Greystone Management and Omni Court Homeowners Association, Inc. separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint and all cross claims are dismissed insofar as asserted against the appellants.

The record is devoid of proof that the appellants, prior to the subject accident, had actual or constructive notice of the existence of the ice patch on which the injured plaintiff fell. Any finding with regard to when the ice patch developed could only be based upon speculation.

"A party in possession or control of real property is afforded a reasonable time after the cessation of the storm or temperature fluctuations which created a dangerous condition to exercise due care to correct the situation" (*Porcari v S.E.M. Mgt. Corp.,* 184 AD2d 556, 557; *see also, Boyko v Limowski,* 223 AD2d 962; *Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680). In

the present case, since the assertion that the ice patch existed for a sufficiently long time to have provided constructive notice and a reasonably ample amount of time to remedy the condition can only be based upon speculation, the appellants are entitled to summary judgment dismissing the complaint (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972).

We reject the plaintiffs' assertion that summary judgment should not be granted in view of their outstanding disclosure demands. The plaintiffs have failed to demonstrate any likelihood of further discovery leading to essential facts to oppose the motion, and the "mere hope" that evidence might be discovered does not warrant denial of the motion (*see, Mazzaferro v Barterama Corp.,* 218 AD2d 643; *Kennerly v Campbell Chain Co.,* 133 AD2d 669; *Frierson v Concourse Plaza Assocs.,* 189 AD2d 609).

In view of our determination we need not address any other issues raised by the parties. Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.