■ DANIEL WALL et al., Respondents, v VILLAGE OF MINEOLA et al., Defendants, and MINEOLA PAVILION ASSOCIATES, INC., et al., Appellants. [656 NYS2d 883] —In an action to recover damages for personal injuries, etc., the defendants Mineola Pavilion Associates, Inc., and Cushman & Wakefield of Long Island, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated March 6, 1995, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Daniel Wall was injured when he allegedly slipped and fell while descending an icy and snow-covered stairway in a large, multi-story parking garage in Mineola between 9:45 A.M. and 10:00 A.M. on February 9, 1994. At his examination before trial, the injured plaintiff testified that snow had fallen in the area for most of the preceding day and at least part of the preceding evening. He further testified that it was no longer snowing when he left his home in Merrick shortly after 9:00 A.M. and arrived at his place of employment in Mineola at approximately 9:45 A.M. on February 9, 1994. The appellants subsequently moved for summary judgment, submitting, *inter alia,* weather records from area airports which suggested that the precipitation was ongoing at the time of the injured plaintiff's fall. The plaintiffs opposed the motion with, among other things, a weather record for the Village of Mineola which indicated that the precipitation had commenced on February 9, 1994, at 1:00 A.M. and had ended at 9:00 A.M. The Supreme Court denied the appellants' motion for summary judgment on the ground that a question of fact existed as to whether the appellants "had reasonable time to take protective measures between the cessation of the storm and the time of the incident". We reverse.

"It is well settled that in a snow and ice situation, a property owner may not be held liable unless he or she has notice of the defect, or, in the exercise of due care, should have had notice, and the owner has had a reasonably sufficient time from the end of the storm to remedy the condition caused by the elements" *(Arcuri v Vitolo,* 196 AD2d 519, 520). While the record clearly demonstrates that the appellants had notice of the snow and ice condition on the subject premises, it is equally clear that a reasonable time within which to remedy the condition had not passed at the time of the injured plaintiff's fall. Indeed, the plaintiffs' own evidence demonstrates that the precipitation did not cease in the area until some 45 minutes to one hour before the accident. Under these circumstances, the appellants did not have a reasonably adequate opportunity after the storm ended to take protective measures *(see, e.g., Kay v Flying Goose,* 203 AD2d 332; *Drake v Prudential Ins. Co.,* 153 AD2d 924; *Newsome v Cservak,* 130 AD2d 637). This conclusion is not altered by evidence that snow removal personnel may have been present on the subject premises prior to the cessation of the storm, or that the elevator in the parking garage may not have been functioning on the day in question. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.