■ CARRIE TILLMAN, Appellant, v J. DEBENEDICTIS & SONS BUILDING CORP., Respondent. [655 NYS2d 1022] —In an action to recover damages for personal injuries, the plaintiff appeals, (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), dated November 9, 1995, as, upon reargument, adhered to the determination in a decision dated July 19, 1995, which determined the defendant's motion for summary judgment dismissing the complaint, and (2) from an order of the same court entered October 23, 1996, upon the decision, which granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff's notice of appeal from the decision is deemed a premature notice of appeal from the order entered October 23, 1996 (see, CPLR 5520 [c]).

Ordered that the appeal from the order dated November 9, 1995, is dismissed, as no appeal lies from an order made upon reargument of a decision (see, Stockfield v Stockfield, 131 AD2d 834); and it is further,

Ordered that the order entered October 23, 1996, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

It is well settled that " 'a party in possession or control of real property may be held liable for a hazardous condition cre-

ated on its premises as a result of the accumulation of snow or ice during a storm only after the lapse of a reasonable time for taking protective measures subsequent to the cessation of the storm' " *(Kay v Flying Goose,* 203 AD2d 332, quoting *Newsome v Cservak,* 130 AD2d 637). The affidavit prepared by licensed meteorologist Barry Grossman indicated that the accident in question occurred while the storm was still in progress. Accordingly, the defendant could not be held liable for the alleged hazardous condition caused by the ice on the defendant's premises.

The plaintiff's contention that a question of fact exists as to whether the snow/ice removal technique employed by the defendant exacerbated the natural hazard created by the storm is without merit. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.