■ LEONID FUKS et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [663 NYS2d 639] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 7, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Leonid Fuks was injured when he allegedly slipped and fell on an icy and snow-covered stairway while descending from an elevated train platform at 9:20 A.M. on February 9, 1994, after approximately 10 inches of snow had fallen overnight. The defendant submitted climatological reports from nearby areas which showed that the precipitation had ended at 8:00 A.M. on February 9, 1994. "It is well settled that a person responsible for maintaining property is not under a duty to remove ice and snow until a reasonable time after the cessation of the storm" (*Drake v Prudential Ins. Co.,* 153 AD2d 924, 925). Under the facts of this case, the defendant established, as a matter of law, that it did not have a reasonably adequate opportunity after the storm ended to take protective measures (*see, e.g., Wall v Village of Mineola,* 237 AD2d 511; *Kay v Flying Goose,* 203 AD2d 332; *Arcuri v Vitolo,* 196 AD2d 519; *Flanagan v City of New York,* 243 AD2d 677 [decided herewith]).

Furthermore, the injured plaintiff's claim that he slipped on ice under the snow is not sufficient to establish a prima facie case of negligence in the absence of any proof of the origin of the icy condition or proof that the defendant had notice or suf-

ficient time to remedy the condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Bernstein v City of New York,* 69 NY2d 1020; *Grillo v New York City Tr. Auth.,* 214 AD2d 648). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.