█ KYUNG SOOK PARK, Appellant, v CAESAR CHEMISTS, INC., Defendant, and JAMECO OPERATING CORP., Respondent. [666

NYS2d 679] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (D. Goldstein, J.), dated October 3, 1996, which granted the motion of the defendant Jameco Operating Corp. for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claims against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff fell on snow on the sidewalk in a shopping center owned by the defendant Jameco Operating Corp. (hereinafter Jameco) and thereafter brought this action to recover damages for personal injuries. The sidewalk was adjacent to a pharmacy rented by the defendant Caesar Chemists, Inc. (hereinafter the tenant), whose lease limited its space to "the property line of the building". The lease delegated to the tenant the responsibility for keeping the sidewalk and curb in front of the pharmacy "free from snow and ice".

The Supreme Court granted Jameco summary judgment, on the ground that Jameco had transferred possession and control of the area where the accident occurred to the tenant. The record does not support this conclusion. The lease indicates that Jameco retained possession of the sidewalk where the accident occurred. The fact that it delegated the responsibility for snow removal to the tenant did not absolve it of liability (*see, Kotopoulos v Nathan Hale Gardens,* 235 AD2d 276; *Farrell v Prentice,* 206 AD2d 799).

A landowner cannot be held liable unless it had actual or constructive notice of a dangerous condition for such a period of time that, in the exercise of reasonable care, it should have corrected it (*see, Putnam v Stout,* 38 NY2d 607, 611-612). Jameco, as a movant for summary judgment, had the initial burden of establishing the lack of actual or constructive notice (*see, Lowe v Olympia & York Cos. [USA],* 238 AD2d 317; *Alvarez v Compass Retail,* 237 AD2d 473; *see also, Lesocovich v 180 Madison Ave. Corp.,* 81 NY2d 982). Proof of lack of actual notice alone was insufficient (*see, Reinemann v Stewart's Ice Cream Co.,* 238 AD2d 845). It was also incumbent on Jameco, as movant, to show lack of constructive notice, in that the condition which caused the accident was not visible or apparent for a sufficient length of time to permit Jameco, in the exercise of reasonable care, to remedy the defect (*see, Reinemann v Stewart's Ice Cream Co., supra; Cobrin v County of Monroe,* 212 AD2d 1011). It cannot be ascertained from the record when the snow which caused the accident fell, nor how long the allegedly dangerous condition existed. Indeed, Jameco

cleared the parking lot of snow, indicating that it had notice of the snow accumulation for a sufficient length of time to take action. Thus, summary judgment is denied (*see, Jordan v Musinger,* 197 AD2d 889). O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.