■ JUAN URENA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [669 NYS2d 662] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 12, 1996, as granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleged that he was injured when he slipped on ice while exiting the street-level subway station on Bogart Street in Brooklyn at approximately 8:00 A.M. on January 18, 1994. The exit where the accident occurred was closed overnight from 8:00 P.M. until 6:30 A.M. According to the plaintiff, at the time of his accident, ice extended into the station from the exit. He did not notice any ice in the station the previous day, during which a storm was in progress. Climatological data presented by the parties showed that precipitation, including snow and ice pellets, commenced at about 10:00 A.M. on January 17, 1994, and continued until approximately 4:00 A.M. on January 18, 1994.

The plaintiff claimed that he fell on ice inside the station doorway. Neither the New York City Transit Authority (hereinafter the TA) nor the plaintiff offered any evidence to refute the City's contention that the TA was responsible for maintenance of the subway station pursuant to the terms of its lease with the City. The plaintiff's contention that the icy condi-

tion inside the station was caused by the melting and refreezing of water from accumulated ice, which the City failed to remove from the adjacent public sidewalk for several days, is based entirely on speculation and provides no basis for imposing liability on the City (*see, Jornov v Ace Suzuki Sales & Serv.,* 232 AD2d 855; *see also, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Grillo v New York City Tr. Auth.,* 214 AD2d 648).

To establish a prima facie case of negligence as to the TA, the plaintiff must establish that the TA had actual or constructive notice of the dangerous condition and a reasonably sufficient time from the end of the storm which created the condition to remedy it (*see, Fuks v New York City Tr. Auth.,* 243 AD2d 678; *Bertman v Board of Mgrs.,* 233 AD2d 283; *Boyko v Limowski,* 223 AD2d 962; *Arcuri v Vitolo,* 196 AD2d 519). On this record, any finding that the ice was present either at 4:00 A.M. when the storm ceased, or at 6:30 A.M., when a TA employee unlocked the Bogart Street exit, would be based on speculation (*see, Bertman v Board of Mgrs., supra; see also, Simmons v Metropolitan Life Ins. Co., supra*). Even assuming that the TA had notice of the icy condition when the storm ceased, we agree with the Supreme Court that, as a matter of law, the TA did not have a reasonably sufficient time to remedy the condition prior to the plaintiff's accident at 8:00 A.M. in view of the fact that the storm ended at approximately 4:00 A.M. and this particular station entrance was not opened until 6:30 A.M. O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.