■ SHIRLEY GORDON, Respondent, v MAY DEPARTMENT STORES COMPANY, Doing Business as LORD & TAYLOR, Appellant, et al., Defendant. [678 NYS2d 645] —In an action to recover damages for false imprisonment, the defendant May Department Stores Company appeals from an order of the Supreme Court, Queens County (Golar, J.), dated December 12, 1997, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendant is severed.

On March 21, 1994, the plaintiff, a part-time employee at a Lord & Taylor Department Store, was stopped as she was leaving the store and her bag was searched by store security personnel. In order to sustain a claim for false imprisonment, the plaintiff must prove that (1) the defendant intended to confine, (2) the plaintiff was conscious of the alleged confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged (*see, Parvi v City of Kingston,* 41 NY2d 553; *Broughton v State of New York,* 37 NY2d 451; *Gonzalez v State of New York,* 110 AD2d 810).

The plaintiff admitted at her examination before trial that she was not under the impression that she was not free to leave the store at any point during the day in question. The affidavit which she submitted in opposition to the motion for summary judgment did not raise any genuine issue of fact in this regard (*see generally, Garvin v Rosenberg,* 204 AD2d 388). We find no merit to the plaintiff's contention that the brief search of her bag resulted in an unreasonable detention (*see,* General Business Law § 218; *Malanga v Sears, Roebuck & Co.,* 109 AD2d 1054).

Accordingly, the plaintiff failed to make out a prima facie claim of false imprisonment and the appellant is entitled to dismissal of the complaint insofar as asserted against it (*see,*

*Elson v Consolidated Edison Co.*, 226 AD2d 288). Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.