■ Gerasimoula Drevis et al., Appellants, v City of New York, Respondent, et al., Defendants. [684 NYS2d 271] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated October 24, 1997, as granted the motion of the defendant City of New York, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party may be held liable for a hazardous condition created on its premises as the result of the accumulation of snow and ice during a storm only upon a showing that it had actual or constructive notice of the dangerous condition and that a sufficient period of time had elapsed since the cessation of the storm to take protective measures (see, Urena v New York City Tr. Auth., 248 AD2d 377; see also, Newsome v Cservak, 130 AD2d 637; Valentine v City of New York, 86 AD2d 381, 384, affd 57 NY2d 932). In the instant case, the plaintiffs failed to rebut the prima facie showing of the City of New York

(hereinafter the City), that it had not received actual or constructive notice of the icy sidewalk condition that allegedly caused the plaintiff Gerasimoula Drevis's injuries, or that a sufficient period of time had elapsed to allow the City to remedy any alleged icy conditions following the recent cessation of a major snowstorm that left snow accumulations of approximately 15 inches (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Bernstein v City of New York,* 69 NY2d 1020; *Grillo v New York City Tr. Auth.,* 214 AD2d 648). Accordingly, the court properly awarded summary judgment to the City (*see, Simmons v Metropolitan Life Ins. Co., supra; Bertman v Board of Mgrs.,* 233 AD2d 283; *Jornov v Ace Suzuki Sales & Serv.,* 232 AD2d 855; *Grillo v New York City Tr. Auth., supra*).

The plaintiffs' remaining contentions are without merit. Miller, J. P., Thompson, Sullivan and McGinity, JJ., concur.