◼ JEANNE M. SAGGES, Respondent, v LONG ISLAND RAILROAD et al., Appellants. [686 NYS2d 467] —In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 10, 1998, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable to the defendants appearing separately and filing separate briefs, the defendants' respective motions are granted, and the complaint is dismissed.

The plaintiff alleges that at approximately 2:00 P.M. on December 25, 1993, she slipped and fell on "accumulated snow and ice" on the platform of the Long Island Railroad Station at Speonk. She further alleged that the defendants were negligent

"in allowing an excessive accumulation of snow and ice with no attempt to remove said snow and ice from the premises". At her examination before trial, she claimed that, as she rode on the eastbound train from Manhattan to Speonk on the afternoon of December 25, 1993, it started to snow south of Babylon, and it was snowing heavily when the train stopped at Babylon and continued to snow heavily for approximately 40 minutes until she arrived at Speonk. Although she did not recall whether it was still snowing when she left the train at Speonk, she noted that the platform at Speonk was covered with one to two inches of what appeared to be fresh snow.

On the question of liability for an accumulation of snow and ice, this Court has repeatedly held: "a property owner may not be held liable unless he or she has notice of the defect, or, in the exercise of due care, should have had notice, and the owner has had a reasonably sufficient time from the end of the storm to remedy the condition caused by the elements" (*Arcuri v Vitolo*, 196 AD2d 519, 520; *see, Wall v Village of Mineola*, 237 AD2d 511, 512).

On the question of notice, the defendants, as movants, bore the initial burden of establishing lack of actual or constructive notice of the dangerous condition (*see, Kyung Sook Park v Caesar Chemists*, 245 AD2d 425). The defendants satisfied that burden with evidence of the plaintiff's own observations. The plaintiff, in opposition, submitted no evidence in admissible form to rebut her own testimony that she fell on fresh snow.

The plaintiff failed to establish that there are issues of fact which preclude the granting of summary judgment to the defendants. Accordingly, summary judgment is granted, and the complaint is dismissed. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.