■ DIETRICH W. POHL, Respondent, v MIRIAM STERNBERG, Appellant. [687 NYS2d 431] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered April 28, 1998, which granted the plaintiff's motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendant and for a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the verdict is reinstated.

The plaintiff was injured when he slipped on the defendant's

driveway during a snow and ice storm while repairing a service-line water leak. The plaintiff claims that he slipped on ice from the leak, or on preexisting snow from a previous snowstorm.

A party in control of real property may be held liable for a hazardous condition created on its premises because of the accumulation of snow or ice only if he or she had a reasonably sufficient time from the cessation of the precipitation to remedy the condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Fuks v New York City Tr. Auth.,* 243 AD2d 678; *Grillo v New York City Tr. Auth.,* 214 AD2d 648). A defendant cannot be held liable for an injury caused by a storm which was in progress at the time of the injury.

Based upon the evidence adduced at trial, it would be pure speculation for the jury to conclude that ice from the leak or preexisting snow caused the plaintiff's fall (*see, Urena v New York City Tr. Auth.,* 248 AD2d 377; *Gonzalez v City of New York,* 168 AD2d 541; *Drake v Prudential Ins. Co.,* 153 AD2d 924). Therefore, since "it is well settled that a verdict in favor of the defendants should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Keegan v Prout,* 215 AD2d 629, 630), it was error for the Supreme Court to set aside the verdict in this case (*see, Nicastro v Park,* 113 AD2d 129, 134). O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.