■ JOSEPH DeMASI et al., Respondents, v RADBRO REALTY, Defendant, and MYSON PROPERTIES COMPANY et al., Appellants. (And a Third-Party Action.) [689 NYS2d 207] —In an action to recover damages for personal injuries, etc., the defendants Myson Properties Company and Yorkshire Food Sales Company appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 20, 1998, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint insofar as asserted against the appellants is dismissed.

The plaintiff Joseph DeMasi allegedly sustained injuries when he fell at his workplace at 8:45 A.M. on January 27, 1992. According to DeMasi's own deposition testimony, it had snowed "the night before into the 27th" and there were still "snow flurries" at the time of the accident.

On the question of liability for an accumulation of snow and ice, this Court has repeatedly held: "a property owner may not be held liable unless he or she has notice of the defect, or, in the exercise of due care, should have had notice, and the owner has had a reasonably sufficient time from the end of the storm to remedy the condition caused by the elements" (*Arcuri v Vitolo,* 196 AD2d 519, 520; *see, Wall v Village of Mineola,* 237 AD2d 511, 512).

The appellants, as movants, bore the initial burden of establishing their entitlement to judgment as a matter of law (*see, Kyung Sook Park v Caesar Chemists,* 245 AD2d 425). The appellants satisfied that burden with evidence of the injured plaintiff's own observations. The plaintiffs, in opposition, submitted no evidence in admissible form to rebut the injured plaintiff's own testimony (*see, Sagges v Long Is. R. R.,* 259 AD2d 537; *Whitt v St. John's Episcopal Hosp.,* 258 AD2d 648).

The plaintiffs failed to establish that there are issues of fact which preclude the granting of summary judgment to the appellants (*see, Sagges v Long Is. R. R., supra*). Accordingly, summary judgment is granted, and the complaint insofar as asserted against the appellants is dismissed. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.