■ CAROL FORMA, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [697 NYS2d 678] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 13, 1998, which granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she fell on an icy sidewalk in front of premises owned by the defendant New York City Transit Authority (hereinafter the NYCTA). The plaintiff contends, *inter alia*, that the NYCTA had a duty to clean the accumulated ice and/or snow from the sidewalk where she fell. However, even assuming that the NYCTA had such a duty, a party in control of real property is liable for a hazardous condition resulting from an accumulation of snow or ice only if it has had a reasonable time from the cessation of the precipitation to remedy the condition (*see, Pohl v Sternberg*, 259 AD2d 742; *Drevis v City of New York*, 257 AD2d 595). Here, the record indicates that a reasonable time had not elapsed from the cessation of freezing precipitation to have allowed the NYCTA to correct any icy condition which may have resulted therefrom. Accordingly, the court properly granted the motion of the NYCTA for summary judgment dismissing the complaint insofar as asserted against it (*see, Urena v New York City Tr. Auth.*, 248 AD2d 377; *Fuks v New York City Tr. Auth.*, 243 AD2d 678).

The plaintiff's remaining contentions are either without merit or are improperly raised for the first time on appeal. Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.