TEDRA TAYLOR, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [698 NYS2d 52] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated May 1, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On March 2, 1994, the plaintiff was injured when she allegedly slipped and fell on an ice- and snow-covered stairway while descending into the subway station at 75th Street in Jackson Heights, Queens, during a snow and ice storm. The plaintiff claims that she slipped on old ice from a previous snowstorm.

A party in control of real property may be held liable for a hazardous condition created on its premises because of the accumulation of snow or ice only if it had a reasonably sufficient time from the cessation of the precipitation to remedy the condition (*see, Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972; *Mangieri v Prime Hospitality Corp.*, 251 AD2d 632; *Wall v Village of Mineola*, 237 AD2d 511). A defendant cannot be held liable for an injury caused by a storm which was in progress at the time of the injury.

Based upon the record, there is simply no proof that ice from a prior storm remained in the particular area where the plaintiff fell at the time of the accident or that old ice caused her fall (*cf., Granato v Bella Vista Group Assocs.*, 239 AD2d 781). As it would be pure speculation that preexisting ice caused the plaintiff's fall, it was error to deny the defendant's

motion. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.