■ FERNANDO LAMOLLY, Respondent, v MOBILE VETERINARY TENANT UNIT ENTERPRISES, Respondent, and GLORIA SAUL, as Executor of SEYMOUR SAUL, Deceased, Appellant. [714 NYS2d 728] —In an action to recover damages for personal injuries, the defendant Gloria Saul, as Executor of the Estate of Seymour Saul, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated October 27, 1999, as denied her cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs, the cross motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

A defendant in control of real property can be held liable for a hazardous condition created by the accumulation of ice or snow on the premises only if he or she had a reasonably sufficient time after the cessation of the precipitation to remedy the condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Taylor v New York City Tr. Auth.,* 266 AD2d 384; *Pohl v Sternberg,* 259 AD2d 742; *Mangieri v Prime Hospitality Corp.,* 251 AD2d 632). It is undisputed that it was snowing when the plaintiff slipped and fell. Nevertheless, the plaintiff asserts that the ice and snow upon which he slipped was from a previous storm which had not been removed. The plaintiff's contention is not supported by any evidence in the record aside from his own speculation, which is insufficient to raise a triable issue of fact (*see, Simmons v Metropolitan Life Ins. Co., supra; Bernstein v City of New York,* 69 NY2d 1020; *Taylor v New York City Tr. Auth., supra*). Accordingly, summary judgment should have been granted.

In light of the determination, we need not address the appellant's remaining contentions. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.