■ DEBORAH GADONNIEX, Respondent, v SISTO LOMBARDI et al., Appellants. [715 NYS2d 738] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), dated January 6, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants established their entitlement to judgment as a matter of law based upon their submission of the plaintiff's own deposition testimony in which she admitted that a storm was in progress on the day she slipped and fell on the defendants' property, that she did not know what caused her to fall, and that she did not see anything on the sidewalk except wetness.

A defendant in control of real property can be held liable for a hazardous condition created by the accumulation of ice or snow on the premises only if he or she had a reasonably sufficient time after the cessation of the precipitation to remedy the condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Chapman v City of New York,* 268 AD2d 498; *Taylor v New York City Tr. Auth.,* 266 AD2d 384; *Pohl v Sternberg,* 259 AD2d 742; *Mangieri v Prime Hospitality Corp.,* 251 AD2d 632). There is no dispute that it was actually drizzling at the time the plaintiff fell, and that it had been raining all day. That evidence came from the plaintiff and her expert meteorolo-

gist. Accordingly, the defendants' duty to remedy any potential slippery condition had not yet begun.

In opposition, the plaintiff submitted an affidavit in which she stated for the first time that snow from a previous storm was piled on the sidewalk against the building where she fell. Where a party submits an affidavit in opposition to a motion for summary judgment which is directly contrary to his or her deposition testimony, the affidavit will be rejected as a feigned attempt to avoid the consequences of the earlier admission (*see, Wright v South Nassau Communities Hosp.,* 254 AD2d 277; *Gordon v May Dept. Stores Co.,* 254 AD2d 327; *Fontana v Fortunoff,* 246 AD2d 626; *Garvin v Rosenberg,* 204 AD2d 388). Here, the plaintiff's affidavit is directly contrary to her deposition testimony in which she stated several times that she saw nothing on the sidewalk except wetness. Accordingly, the Supreme Court erred in failing to reject the plaintiff's claims in her affidavit. Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.