■ Arnold H. Pross et al., Respondents, v Harborfields Public Library, True Name Board of Trustees of Harborfields Public Library, Defendant and Third-Party Plaintiff-Appellant-Respondent. A & J Antorino Co., Inc., et al., Third-Party Defendants-Appellants. [723 NYS2d 875] —In an action to recover damages for personal injuries, etc., the third-party defendants, A & J Antorino Co., Inc., Antorino & Son, and Thomas Antorino, appeal from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated May 2, 2000, as denied their motion for summary judgment dismissing the third-party complaint, and the defendant third-party plaintiff separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion for summary judg-

ment dismissing the third-party complaint and substituting therefor a provision granting that motion and dismissing the third-party complaint; as so modified, the order is affirmed, with one bill of costs payable by the defendant third-party plaintiff to the plaintiffs and the third-party defendants.

The defendant third-party plaintiff, Harborfields Public Library, t/n Board of Trustees of Harborfields Public Library (hereinafter Harborfields), failed to establish its prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied its motion for summary judgment dismissing the complaint (*see, Karras v County of Westchester,* 272 AD2d 377, 378; *Kyung Sook Park v Caesar Chemists,* 245 AD2d 425, 426).

However, the Supreme Court erred in denying the motion of the third-party defendants, A & J Antorino Co., Inc., Antorino & Son, and Thomas Antorino (hereinafter collectively Antorino), for summary judgment dismissing the third-party complaint. It is undisputed that by the terms of the contract with Harborfields, Antorino was not responsible for snow and ice removal in the area where the accident allegedly occurred. Based on that contract and the lack of evidence that Antorino created or contributed to the condition on the step where the injured plaintiff fell, Antorino made a prima facie showing of entitlement to judgment as a matter of law. The theory of Harborfields, that Antorino created or contributed to the icy condition by negligently pushing snow up onto the step when it cleared the adjacent parking lot, was entirely speculative and insufficient to raise a triable issue of fact (*see, Trabolse v Rizzo,* 275 AD2d 320; *Gittler v K.G.H. Realty Corp.,* 258 AD2d 504). Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.