■ WILLIAM DALL, Appellant, v MARTIN GOLDBAUM et al., Respondents, et al., Defendant. [742 NYS2d 307] —In an action to

recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 15, 2000, which granted the motion of the defendants Martin Goldbaum and Sally Goldbaum for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

During a snowstorm, the plaintiff slipped and fell on snow-covered ice while on a driveway of commercial premises owned by the defendants Martin Goldbaum and Sally Goldbaum (hereinafter the Goldbaums). The Goldbaums, as owners, were under no duty to remove snow and ice from the driveway during the storm (*see Smith v Leslie,* 270 AD2d 333, 334; *Pohl v Sternberg,* 259 AD2d 742, 743; *Drevis v City of New York,* 257 AD2d 595; *Urena v New York City Tr. Auth.,* 248 AD2d 377, 378). The plaintiff failed to raise a triable issue of fact as to whether he slipped on preexisting ice from a prior snowstorm (*see Trainor v Dayton Seaside Assoc. No. 3,* 282 AD2d 524; *Lamolly v Mobile Veterinary Tenant Unit Enters.,* 276 AD2d 596, 597; *Baum v Knoll Farm,* 259 AD2d 456; *Fuks v New York City Tr. Auth.,* 243 AD2d 678, 678-679), or that any such ice was visible and apparent for a sufficient length of time to permit the Goldbaums to discover and remedy it (*see Pala v D. Braf, Ltd.,* 284 AD2d 382; *Goodwin v Knolls at Stony Brook Homeowners Assn.,* 251 AD2d 451, 452).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.