■ ANN B. ZOUTMAN et al., Appellants, v GOSHEN CENTRAL SCHOOL DISTRICT, Respondent. [752 NYS2d 711] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated December 5, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages for injuries allegedly sustained by the plaintiff Ann B. Zoutman (hereinafter the plaintiff) when she slipped and fell as a result of an icy condition allegedly present in a parking lot of the Goshen Intermediate School. The defendant, the Goshen Central School District (hereinafter the School District), moved for summary judgment asserting that it could not be held liable because the plaintiff slipped and fell during an ongoing storm, and there was no evidence that the alleged icy condition existed prior to the storm. The Supreme Court granted the motion. We affirm.

The School District demonstrated its prima facie entitlement to judgment as a matter of law. Based upon the plaintiff's testimony regarding the weather and the condition of the area before the storm, the School District established that the plaintiff slipped and fell on ice that formed during the ongoing storm. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the ice the plaintiff slipped on was created by the School District's snow removal. The plaintiffs did not present sufficient evidence to establish that the icy condition was present prior to the storm. Absent such evidence, the plaintiffs' claim that the School District's snow removal caused the icy condition, rather than the ongoing storm, is speculative (see Tsivitis v Sivan Assoc., 292 AD2d 594; Dall v Goldbaum, 293 AD2d 562; Chapman v City of New York, 268 AD2d 498). Accordingly, the Supreme Court properly granted the School District's motion for summary judgment. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.