■ MOSTAFA HASSANEIN, Appellant, v LONG ISLAND RAIL ROAD CORPORATION et al., Respondents. [763 NYS2d 480] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated July 16, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured on February 8, 1999, at 5:10 A.M., when he allegedly slipped and fell on an icy and snow-covered platform of the Long Island Rail Road station in Wyandanch. In support of their motion for summary judgment, the defendants submitted climatological reports and the affidavit of a meteorologist establishing that the plaintiff's accident occurred while a snow storm was still in progress. "A party in control of real property may be held liable for a hazardous condition created on its premises because of the accumulation of snow or ice only if [it] had a reasonably sufficient time from the cessation of the precipitation to remedy the condition" (*Pohl v Sternberg,* 259 AD2d 742, 743 [1999]; *see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972 [1994]; *Soon Rae Kim v Caesar Chemists,* 297 AD2d 797 [2002]; *Tillman v DeBenedictis & Sons Bldg. Corp.,* 237 AD2d 593 [1997]). A defendant is not " liable for an injury caused by a storm which was in progress at the time of the injury" (*Pohl v Sternberg, supra* at 743). The Supreme Court correctly determined that the defendants made a prima facie showing of their entitlement to judgment as a matter of law, and that the plaintiff failed to raise a triable issue of fact as to whether the snowfall was an ongoing event, or whether the snowfall previously had ceased, giving the defendants a reasonably sufficient time to remedy the condition.

Moreover, there was no proof that any icy condition existed on the platform prior to the early morning hours of February 8th, nor linking the ice on the platform to an earlier storm (*see Simmons v Metropolitan Life Ins. Co., supra; Pohl v Sternberg, supra*).

The plaintiff's remaining contentions either are without merit or unpreserved for appellate review. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.