■ MARIA RUSSO et al., Respondents, v 40 GARDEN STREET PARTNERS et al., Appellants, et al., Defendants. [775 NYS2d 327]—

In an action to recover damages for personal injuries, etc., the defendants 40 Garden Street Partners and Van De Water & Van De Water, LLP, appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated February 18, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On January 16, 1998, at approximately 8:20 A.M., the injured plaintiff allegedly slipped and fell on ice while walking in a parking lot owned by the defendant 40 Garden Street Partners. The defendant Van De Water & Van De Water, LLP, was a tenant at the subject property. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. We reverse.

A party in control of real property may be held liable for accidents occurring as a result of a hazardous condition created on the premises because of an accumulation of snow or ice only if an adequate period of time has passed following the cessation of a storm to allow the party to remedy the condition (*see Has-*

*sanein v Long Is. R.R. Corp.*, 307 AD2d 954 [2003]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *see also Pohl v Sternberg*, 259 AD2d 742, 743 [1999]).

In support of their motion for summary judgment, the appellants submitted the affidavit of a meteorologist establishing that the storm that created the condition which allegedly caused the injured plaintiff to fall ceased 50 minutes before she fell. The appellants thereby demonstrated their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), by showing that they did not have a reasonable opportunity after the precipitation ended to take protective measures (*see Whitt v St. John's Episcopal Hosp.*, 258 AD2d 648 [1999]; *Fuks v New York City Tr. Auth.*, 243 AD2d 678 [1997]; *Wall v Village of Mineola*, 237 AD2d 511, 512 [1997]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs did not present any evidence to establish that the appellants had an adequate period of time following the cessation of the storm to remedy the condition (*see Whitt v St. John's Episcopal Hosp., supra*). The injured plaintiff's claim that she slipped on pre-existing ice was speculative and failed to rebut the appellants' showing on the motion (*see Dowden v Long Is. R.R., supra* at 632). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

In view of the foregoing, the parties' remaining contentions need not be reached. Ritter, J.P., S. Miller, H. Miller and Crane, JJ., concur.