■ JOSEPH BARRESI et al., Appellants, v PUTNAM HOSPITAL CENTER, Respondent. [897 NYS2d 182]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 16, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 24, 2005, the plaintiff Joseph Barresi (hereinafter the plaintiff) allegedly sustained injuries when he slipped and fell on snow and ice as he stepped from the parking lot of the defendant Putnam Hospital Center onto a sidewalk adjacent to the emergency room entrance. The plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries against the defendant Putnam Hospital Center. After issue was joined, the defendant moved for summary judgment dismissing the complaint, asserting that sufficient time had not passed after cessation of the snowstorm to afford it the opportunity to correct the alleged snow and ice condition in the area where the plaintiff fell. In support of its motion, the de-

fendant submitted, inter alia, the plaintiff's deposition testimony. At his deposition, the plaintiff was asked how much time had elapsed between the time when the snow stopped falling and when his accident occurred. Specifically, the plaintiff was asked "if you can estimate, was it five minutes, an hour, two hours or you don't know?" The plaintiff responded that snow stopped falling "[a]t least an hour" prior to his accident. The Supreme Court granted the defendant's motion, finding, inter alia, that based on the plaintiff's testimony, the defendant only had a window of approximately one hour after cessation of the snowfall to clear the area before the accident, and that this did not provide the defendant with a reasonable opportunity to ameliorate the condition. We affirm.

"A property owner will not be held liable for accidents occurring on its property as a result of the accumulation of snow and/or ice until a reasonable period of time has passed, following the cessation of the storm, within which the owner has the opportunity to ameliorate the hazards caused by the storm" (*Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665, 665 [2007]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have a reasonable opportunity after the snowfall ended to correct the hazard which allegedly caused the plaintiff's fall (*see Russo v 40 Garden St. Partners*, 6 AD3d 420, 421 [2004]; *Fuks v New York City Tr. Auth.*, 243 AD2d 678, 678 [1997]; *Wall v Village of Mineola*, 237 AD2d 511, 512 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.