■ PHILIP LANOS et al., Appellants-Respondents, v ROBERT CRONHEIM et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants, and HUDSON VALLEY CAR WASH PRODUCTS, INC., Respondent, et al., Defendant. TWI CABLE, INC., Doing Business as TIME WARNER CABLE, Third-Party Defendant-Respondent. (Action No. 1.) PHILIP LANOS et al., Appellants-Respondents, v RC & WEIP, LLC, et al., Respondents-Appellants. (Action No. 2.) [909 NYS2d 101]—

In two related actions to recover damages for personal injuries, etc., the plaintiffs in both actions appeal from so much of an order of the Supreme Court, Orange County (Lubell, J.), dated June 1, 2009, as granted the motion of RC & Weip, LLC, a defendant/third-party plaintiff in action No. 1 and a defendant in action No. 2, Robert Cronheim, a defendant/third-party plaintiff in action No. 1, Cronheim Management Services, Inc., a defendant in action No. 2, and Six Henderson Associates, a defendant/third-party plaintiff in action No. 1, in effect, for summary judgment dismissing the complaints insofar as asserted against each of them, and Robert Cronheim, Six Henderson Associates, and RC & Weip, LLC, cross-appeal, as limited by their notice of cross appeal and brief, from so much of the same order as (a) granted that branch of the motion of Hudson Valley Car Wash Products, Inc., a defendant in action No. 1, which was for summary judgment dismissing their cross claim insofar as asserted against it, (b) granted the motion of the third-party defendant, TWI Cable, Inc., doing business as Time Warner Cable, for summary judgment dismissing the third-party complaint, and (c) denied, as academic, their motion to vacate the plaintiffs' note of issue.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs to the defendants RC & Weip, LLC, Robert Cronheim, Cronheim Management Services, and Six Henderson Associates.

The plaintiff Philip Lanos (hereinafter the plaintiff), an employee of the third-party defendant TWI Cable, Inc., doing business as Time Warner Cable (hereinafter Time Warner), allegedly was injured on January 28, 2004, at approximately 10:15 A.M., when he slipped and fell on snow at his place of employment, located at the left rear parking lot on property owned by the defendant RC & Weip, LLC (hereinafter RC & Weip), and maintained by Cronheim Management Services, Inc. (hereinafter Cronheim Management), a defendant in action No. 2. The snow removal contractor, Hudson Valley Car Wash Products, Inc. (hereinafter Hudson Valley) a defendant in action No. 1,

would clear the rear parking lots last, after clearing the front parking lot and the side parking lot and asking Time Warner to have its employees move their vehicles. Snow removal was not completed at the time the plaintiff fell.

The plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries against, among other things, the defendants RC & Weip, Cronheim Management, Robert Cronheim, Six Henderson Associates (who apparently are associated with Cronheim Management and Robert Cronheim) and Hudson Valley. RC & Weip, Robert Cronheim, and Six Henderson Associates cross-claimed for contribution and indemnification against, among others, Hudson Valley, and commenced a third-party action for contribution and indemnification against Time Warner, as a lessee of the premises.

RC & Weip, Cronheim Management, Robert Cronheim, and Six Henderson Associates (hereinafter collectively the movants) moved, in effect, for summary judgment dismissing the complaints insofar as asserted against each of them, arguing that insufficient time had elapsed after the end of the snowstorm to hold them liable for failure to clear the parking lot of snow. According to the sworn report of the plaintiffs' expert submitted in opposition to the motion, nearly eight inches of snow fell, starting at 7:54 P.M. the night before, and ending at 8:15 A.M., two hours before the accident at 10:15 A.M. In the order appealed from, the Supreme Court, inter alia, granted that motion, rendering the parties' remaining contentions academic.

On appeal, the plaintiffs argue that evidence that there was a two-hour interval between the end of precipitation at 8:15 A.M., and the occurrence of the accident at about 10:15 A.M., gave rise to an issue of fact as to whether there was a reasonable period of time to clear the snow prior to the accident. We disagree.

"A property owner will not be held liable for accidents occurring on its property as a result of the accumulation of snow and/or ice until a reasonable period of time has passed, following the cessation of the storm, within which the owner has the opportunity to ameliorate the hazards caused by the storm" (*Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665, 665 [2007]). On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (*see Valentine v City of New York*, 57 NY2d 932 [1982]).

In support of their motion for summary judgment, the movants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have a reasonable opportunity after the snowfall ended to correct the hazard

which allegedly caused the plaintiff's fall (*see Barresi v Putnam Hosp. Ctr.*, 71 AD3d 811, 812 [2010]; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665 [2007]; *Russo v 40 Garden St. Partners*, 6 AD3d 420, 421 [2004]; *Whitt v St. John's Episcopal Hosp.*, 258 AD2d 648 [1999]; *Fuks v New York City Tr. Auth.*, 243 AD2d 678 [1997]; *Wall v Village of Mineola*, 237 AD2d 511 [1997]; *Drake v Prudential Ins. Co.*, 153 AD2d 924 [1989]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the movants' motion.

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Florio, J.P., Dickerson, Roman and Sgroi, JJ., concur.