■ MARY SIE, Respondent, v MAIMONIDES MEDICAL CENTER, Appellant, et al., Defendant. [965 NYS2d 562]—

In an action to recover damages for personal injuries, the defendant Maimonides Medical Center appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated January 6, 2012, which denied its motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion by the defendant Maimonides Medical Center, in ef-

fect, for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly slipped and fell on a patch of ice on the sidewalk in front of a building owned by the defendant Maimonides Medical Center (hereinafter the Medical Center). Thereafter, the plaintiff commenced this action to recover damages for personal injuries against, among others, the Medical Center. In the order appealed from, the Supreme Court denied the Medical Center's motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it.

"Under the 'storm in progress rule,' a landowner 'generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter' " (*Weller v Paul*, 91 AD3d 945, 947 [2012], quoting *Mazzella v City of New York*, 72 AD3d 755, 756 [2010]; *see also Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Barresi v Putnam Hosp. Ctr.*, 71 AD3d 811, 812 [2010]). On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (*see Valentine v City of New York*, 57 NY2d 932, 933-934 [1982]).

In support of its motion, the Medical Center established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it did not have a reasonable opportunity after a snow storm ended to correct the hazard which allegedly caused the plaintiff's accident (*see Lanos v Cronheim*, 77 AD3d 631, 632-633 [2010]; *Barresi v Putnam Hosp. Ctr.*, 71 AD3d at 812; *Russo v 40 Garden St. Partners*, 6 AD3d 420, 421 [2004]; *Fuks v New York City Tr. Auth.*, 243 AD2d 678 [1997]; *Wall v Village of Mineola*, 237 AD2d 511 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying the motion.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.