Fitzsimons v North Shore Univ. Hosp. (2022 NY Slip Op 02980)





Fitzsimons v North Shore Univ. Hosp.


2022 NY Slip Op 02980


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-12804
 (Index No. 14629/14)

[*1]Bernard Fitzsimons, appellant, 
v
North Shore University Hospital, respondent.


Reynolds, Caronia, Gianelli & La Pinta, P.C., Hauppauge, NY (Christopher J. Purcell of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 10, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 10, 2013, at approximately 6:30 p.m., the plaintiff allegedly slipped and fell on ice while walking to his car on the fourth-floor roof of the defendant's visitor parking garage. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant was negligent in the maintenance of its premises. The defendant moved for summary judgment dismissing the complaint, arguing that the storm in progress rule applied. The Supreme Court granted the motion, and the plaintiff appeals.
Under the storm in progress rule, a property owner will not be held liable in negligence for injuries sustained as the result of a slippery snow or ice condition occurring during a storm or for a reasonable time thereafter (see Solazzo v New York City Transit Auth., 6 NY3d 734). Here, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by submitting an affidavit of a meteorologist with attached certified climatological data, which demonstrated that at the time of the plaintiff's accident, less than two hours had passed since the end of the storm (see Lanos v Cronheim, 77 AD3d 631; Barresi v Putnam Hosp. Ctr., 71 AD3d 811, 812). In opposition, the plaintiff failed to raise a triable issue of fact (see Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, the parties' remaining contentions have been rendered academic.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court