Ahmed v Fulton Nostrand, LLC (2024 NY Slip Op 03677)

Ahmed v Fulton Nostrand, LLC

2024 NY Slip Op 03677

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-02179
 (Index No. 506998/19)

[*1]Selma Ahmed, appellant, 
v
Fulton Nostrand, LLC, et al., respondents, et al., defendant.

Marshall & Inwood (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, and Kelly Breslauer], of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy, Thomas H. Bundock, and Gene Novak of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 10, 2022. The order granted the motion of the defendants Fulton Nostrand, LLC, and Fresh Health Food Emporium, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Fulton Nostrand, LLC, and Fresh Health Food Emporium, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.
On December 15, 2017, at approximately 5:30 p.m., the plaintiff allegedly slipped and fell on ice on a sidewalk along Fulton Street in Brooklyn. Thereafter, the plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained as a result of the fall. The defendants Fulton Nostrand, LLC, and Fresh Health Food Emporium, Inc. (hereinafter together the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that there was a storm in progress when the plaintiff slipped and fell. The Supreme Court granted the defendants' motion. The plaintiff appeals.
"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. In support of their motion, the defendants submitted, inter alia, climatological data records that were not certified and a transcript of the deposition testimony of the plaintiff, which failed to eliminate triable issues of fact as to whether a storm was in progress at the time of the accident and whether the plaintiff slipped and fell on a preexisting condition (see Cassino-Sharp v Whispering Hills Home Owners Assn., Inc., 219 AD3d 457, 458-459; Johnson v Pawling Cent. Sch. Dist., 196 AD3d 686, 687-688; cf. [*2]Fitzsimons v North Shore Univ. Hosp., 205 AD3d 684).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court