■ RICHARD CHAPMAN et al., Respondents, v CITY OF NEW YORK, Appellant. [702 NYS2d 355] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated September 18, 1998, which granted the plaintiffs' motion to file a note of issue and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

A municipality is not liable in negligence for injuries sustained by a pedestrian who slips and falls on an icy and snow-covered sidewalk unless a reasonable amount of time has elapsed, subsequent to the cessation of the storm, for taking protective measures (*see, Robles v City of New York*, 255 AD2d 305; *Urena v New York City Tr. Auth.*, 248 AD2d 377; *Newsome v Cservak*, 130 AD2d 637; *Valentine v City of New York*, 86 AD2d 381, 384, *affd* 57 NY2d 932).

After the defendant made a prima facie showing of entitlement to summary judgment, no proof was offered by the injured plaintiff to support the allegation that his fall was caused by an accumulation of "old" snow and ice from a storm which occurred three to four days before the date of his fall, as opposed to the precipitation from the storm in progress at the time of his accident. The injured plaintiff's assertion that the hazardous condition was a result of "old" snow and ice is nothing more than mere conjecture and speculation (*see, Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972; *Bernstein v City of New York*, 69 NY2d 1020; *Urena v New York City Tr. Auth., supra*; *Bertman v Board of Mgrs.*, 233 AD2d 283; *Pohl v Sternberg*, 259 AD2d 742; *Baum v Knoll Farm*, 259 AD2d 456; *Grillo v New York City Tr. Auth.*, 214 AD2d 648). Accordingly, summary judgment is granted to the City. Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.