■ MILDRED UYDESS, Appellant, v GOLDEN ARCH REALTY CORP. et al., Respondents. [717 NYS2d 513] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 26, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff seeks to recover damages for injuries she allegedly sustained when she fell on ice while walking in defendants' parking lot. Defendants, however, relying on meteorological records and to some extent upon the testimony of plaintiff herself, established that snow, sleet and icy rain had fallen continuously on the day of the accident and that at the time of plaintiff's fall, there was still precipitation. Accordingly, since, at the time of the accident, there had been no cessation in the day-long, at-or-below-freezing precipitation that allegedly caused plaintiff's fall, much less an interval within which defendants could reasonably have been expected to clear the accumulated snow and ice, defendants' duty reasonably to undertake removal of the newly fallen snow and ice in their parking lot had not yet been triggered (*see, Sing Ping Cheung v City of New York*, 234 AD2d 91; *Drake v Prudential Ins. Co.*, 153 AD2d 924). Moreover, plaintiff failed to raise any factual issue as to whether the employee, in the course of removing snow from the subject lot while the precipitation was ongoing, either created or heightened the hazardous condition that allegedly caused her injuries (*see, Oley v Village of Massapequa Park*, 198 AD2d 272; *Gabelmann v Circle Line Sightseeing Yachts*, 254 AD2d 148). Concur—Sullivan, P. J., Nardelli, Rubin, Saxe and Friedman, JJ.