■ FIORENTINA WINES, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [725 NYS2d 862] —In an action to

recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Taylor, J.), dated July 18, 2000, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2), as limited by her brief, from so much of an order of the same court, dated September 28, 2000, as, upon renewal, adhered to the original determination, and (3) from a judgment of the same court, dated November 21, 2000, which dismissed the complaint and all cross claims insofar as asserted against the defendant City of New York.

Ordered that the appeals from the orders dated July 18, 2000, and September 28, 2000, are dismissed; and it is further,

Ordered that the appeal from so much of the judgment as dismissed all cross claims insofar as asserted against the defendant City of New York is dismissed, as the plaintiff is not aggrieved by that portion of the judgment (*see,* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court properly granted the motion of the defendant City of New York for summary judgment, and, on renewal, adhered to its determination. The evidence submitted by the City in support of its motion for summary judgment, which included climatological data, established that it did not have a reasonably sufficient period of time after the cessation of the snow and ice storm on March 15, 1999, to clear the accident site prior to the plaintiff's fall (*see, Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932; *Drevis v City of New York,* 257 AD2d 595; *Robles v City of New York,* 255 AD2d 305). Furthermore, the plaintiff's unsupported claim that the patch of ice which caused her fall was the result of a storm that occurred nine days earlier and left no more than one inch of snow on the ground, is insufficient to raise an issue of fact as to whether she fell on "old" ice that the City had a reasonable period of time to remove (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Chapman v City of New York,* 268 AD2d 498; *Cruz v 1926 Elsmere,*

262 AD2d 150; *Robles v City of New York, supra*). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.