■ DAVID DOWDEN, Respondent, v LONG ISLAND RAIL ROAD, Appellant. [759 NYS2d 544] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Glover, J.), dated October 1, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff alleged that on December 22, 2000, at approximately 7:30 A.M., as he was descending one of the defendant's staircases at the Bay Shore Long Island Rail Road Station, he slipped and fell on accumulated snow and ice. The Supreme Court denied the defendant's motion for summary judgment based on the storm in progress rule. We reverse.

Under the so-called "storm in progress" rule, a property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm (see Smith v Leslie, 270 AD2d 333, 334 [2000]; Taylor v New York City Tr. Auth., 266 AD2d 384 [1999]; Mangieri v Prime Hospitality Corp., 251 AD2d 632, 633 [1998]). Furthermore, a lull in the storm does not impose a duty on the owner to remove the accumulation before the storm ceases in its entirety (see Ioele v Wal-Mart Stores, 290 AD2d 614, 616 [2002]).

The defendant made a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]) by submitting, inter alia, meteorological records indicating that light snow fell in the area on the date of the accident from 4:00 A.M. through 4:00 P.M. The defendant was not required to submit the affidavit of a licensed meteorologist to interpret the data contained in these records or to otherwise opine that the storm in progress rule provided a good defense (see e.g. Pelliccio v TCW Realty Fund VIA Holding Co., 291 AD2d 388 [2002]; Uydess v Golden Arch Realty Corp., 276 AD2d 397 [2000]; Whitt v St. John's Episcopal Hosp., 258 AD2d 648 [1999]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether he slipped on ice which was present from a previous storm (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]). The plaintiff submitted no evidence that the ice on which he fell was not produced by the storm in progress—namely, the 3½ hours of light snow that had been falling before the accident. Moreover, he provided no evidence that

there was preexisting ice on the westbound staircase where he fell. His testimony that he observed snow on other steps at the station on the previous evening was inadequate to raise an issue as to the condition of the staircase where he fell. "Based upon the record, there is simply no proof that ice from a prior storm remained in the particular area where the plaintiff fell at the time of the accident or that old ice caused [his] fall" (*Taylor v New York City Tr. Auth., supra*).

Accordingly, the plaintiff's speculative claim that he slipped on preexisting ice was not sufficient to rebut the defendant's showing on the motion, and the defendant was entitled to summary judgment (*see Fuks v New York City Tr. Auth.,* 243 AD2d 678 [1997]; *see also Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972, 973-974 [1994]; *Wines v City of New York,* 283 AD2d 639, 640 [2001]; *Chapman v City of New York,* 268 AD2d 498 [2000]; *Pohl v Sternberg,* 259 AD2d 742, 743 [1999]). Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.