■ JAY R. MYROW et al., Appellants, v CITY OF POUGHKEEPSIE et al., Respondents. [769 NYS2d 604]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated November 19, 2002, which granted the motion of the defendants City of Poughkeepsie and Poughkeepsie Urban Renewal Agency, and the separate motion of the defendants Allright Corporation and Allright New York Parking, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Jay R. Myrow was injured when he slipped and fell on some ice in a municipal parking lot. There was no snow on the ground on the morning of the accident, but snow and possibly freezing rain had fallen throughout the afternoon until "early evening." The accident occurred at around 8:45 P.M. in a portion of the parking lot that had been plowed earlier that day by the defendant City of Poughkeepsie.

It is well settled that the defendants cannot be held liable in negligence for a naturally-occurring icy condition in the parking lot "unless a reasonable amount of time [had] elapsed, subsequent to the cessation of the storm, for taking protective measures" (*Chapman v City of New York,* 268 AD2d 498 [2000]; *see also Dowden v Long Is. R.R.,* 305 AD2d 631 [2003]). Under the circumstances of this case, there was insufficient time, as a matter of law, to impose liability on any of the defendants for failing to clear the parking lot of naturally-occurring snow and ice (*see Wines v City of New York,* 283 AD2d 639 [2001]; *Whitt v St. John's Episcopal Hosp.,* 258 AD2d 648 [1999]; *Drevis v City of New York,* 257 AD2d 595 [1999]; *Fuks v New York City Tr. Auth.,* 243 AD2d 678 [1997]; *Wall v Village of Mineola,* 237 AD2d 511 [1997]).

The plaintiffs' further contention that the City of Poughkeepsie, by undertaking to remove the snow in the parking lot, either negligently created the hazardous condition or exacerbated the naturally hazardous condition created by the storm, is not supported by any evidence other than their own speculation, which was insufficient to raise a triable issue of fact (see *Joseph v Danice Stores of Nostrand Ave.*, 290 AD2d 536 [2002]; *Grau v Taxter Park Assoc.*, 283 AD2d 551 [2001]; *Gibbs v Rochdale Vil.*, 282 AD2d 706 [2001]).

In light of the foregoing, we need not reach the parties' remaining contentions. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.