■ MARION YANNOTTI, Appellant, v FOUR BROTHERS HOMES AT HEARTLAND CONDOMINIUM I et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. ANTHONY FUSCO et al., Third-Party Defendants. [808 NYS2d 363]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Mega, J.), dated June 3, 2004, as granted that branch of the motion of the defendants Four Brothers Homes at Heartland Condominium I and T.W. Finnerty Property Management, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Four Brothers Homes at Heartland Condominium I and T.W. Finnerty Property Management, Inc. (hereinafter the condominium defendants), met their prima facie burden on their motion for summary judgment by showing that they did not create, or have notice of, the icy condition upon which the plaintiff allegedly slipped and fell (*see Trainor v Dayton Seaside Assoc. No. 3,* 282 AD2d 524, 524-525 [2001]; *see also Zabbia v Westwood, LLC,* 18 AD3d 542 [2005]). Although the condominium defendants conceded that their snow removal contractors cleared snow from the subject sidewalk five days before the plaintiff's accident, there was no evidence that an icy condition existed after the snow was cleared and they submitted climatological records indicating that snow and freezing rain fell into the early morning hours of the day of the plaintiff's accident (*see Chapman v City of New York,* 268 AD2d 498 [2000]; *DeCurtis v T.H. Assoc.,* 241 AD2d 536, 537 [1997]).

In opposition, the plaintiff's conclusory assertion that the icy condition was caused by the condominium defendants' allegedly negligent snow removal efforts, as opposed to the snow and freezing rain that fell the morning of her accident, was insufficient to raise a triable issue of fact (*see Myrow v City of Poughkeepsie,* 3 AD3d 480 [2004]). In the absence of evidence as to the origin of the ice upon which the plaintiff fell, the plaintiff's assertions are no more than speculation and are insufficient to defeat summary judgment (*see DeCurtis v T.H. Assoc., supra*). Accordingly, the Supreme Court properly granted the condominium defendants' motion for summary judgment.

We note that the plaintiff's notice of appeal limited her appeal

to that portion of the Supreme Court's order as awarded summary judgment to the condominium defendants. Thus, the plaintiff's remaining contention on appeal, that the Supreme Court erred in awarding summary judgment to the defendant City of New York, is not properly before us (*see* CPLR 5515 [1]; *Matter of Haverstraw Vil. Policeman's Benevolent Assn., Inc. v Town of Haverstraw,* 15 AD3d 403, 404 [2005]). Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.