■ CLEMENTINA DEVITO et al., Appellants, v HARRISON HOUSE ASSOCIATES et al., Respondents, and ROBERT WHITCOMB LANDSCAPING & GARDENING, INC., Defendant. [837 NYS2d 726]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 31, 2005, as granted the motion of the defendants Harrison House Associates and the Board of Managers of Harrison House for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Clementina DeVito alleges that she was injured when she slipped and fell on ice in a parking lot owned by the respondents. It is undisputed that there was an ongoing snowstorm when this incident took place.

The respondents made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by submitting proof of the storm in progress at the time of the incident (*see Small v Coney Is. Site 4A-1 Houses, Inc.*, 28 AD3d 741 [2006]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *Wines v City of New York*, 283 AD2d 639 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact. "[W]here, as here, the allegation is that the icy surface was created sometime before the storm, it is [the] plaintiff's burden to establish 'that the precipitation from the storm in progress was not the cause of the incident' " (*Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 672-673 [2004], quoting *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]). Here the injured plaintiff's allegations that the ice which allegedly caused her accident had been present for "a day or two," or that it was "from another time," were insufficient to raise a triable issue of fact as to whether she fell on "old" ice (*see Small v Coney Is. Site 4A-1 Houses, Inc., supra* at 742; *see also Chapman v City of New York*, 268 AD2d 498 [2000]; *Pohl v Sternberg*, 259 AD2d 742 [1999]). The plaintiffs also did not submit any evidence to substantiate their claim that the weather conditions prior to the accident date could have resulted in the creation of icy patches in the area where the accident occurred, or any proof that the respondents had notice of such a condition (*see Fuks v New York City Tr. Auth.*, 243 AD2d 678 [1997]; *see also Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972 [1994]).

Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.