(September 9, 2008)

■ ROBERT T. ALERS, Appellant, v LA BONNE VIE ORGANIZATION et al., Respondents. [863 NYS2d 750]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 30, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff fell in the defendants' parking lot at a time when a snowstorm had been in progress for approximately eight hours. The plaintiff alleged the cause of his fall was ice that was beneath four to five inches of snow, and that the ice existed prior to the storm that was in progress.

The defendants made a prima facie showing of their entitle-

ment to judgment as a matter of law through proof that the storm was in progress at the time of the plaintiff's fall (see DeVito v Harrison House Assoc., 41 AD3d 420 [2007]; Small v Coney Is. Site 4A-1 Houses, Inc., 28 AD3d 741 [2006]; Dowden v Long Is. R.R., 305 AD2d 631 [2003]). The plaintiff failed to raise a triable issue of fact as to whether the precipitation from the storm in progress was not the cause of his fall (see DeVito v Harrison House Assoc., 41 AD3d 420 [2007]).

Contrary to the plaintiff's contention, the proof offered in opposition to the motion for summary judgment was insufficient to raise a triable issue of fact as to whether the specific icy condition he alleged was the cause of his fall, as opposed to ice in general in the parking lot, existed prior to the storm that was in progress (see Kaplan v DePetro, 51 AD3d 730 [2008]; Robinson v Trade Link Am., 39 AD3d 616 [2007]; Dowden v Long Is. R.R. 305 AD2d 631 [2003]). Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.