█ Narissa Riviere, Appellant, City of New York et al., Respondents. [7 NYS3d 219]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated March 11, 2013, which granted the motion of the defendants the City of New York and the New York City Department of Sanitation for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the City of New York and the New York City Department of Sanitation (hereinafter together the city defendants), to recover damages for personal injuries she allegedly sustained when she slipped and fell on snow and ice while walking in the crosswalk across a roadway in Brooklyn. The Supreme Court granted the city defendants' motion for summary judgment dismissing the complaint.

"Under the storm in progress rule, the City generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter" (*Mazzella v City of New York*, 72 AD3d 755, 756 [2010]). "A reasonable period of time is the period 'within which the municipality should have taken notice of the icy condition and, in the exercise of reasonable care, remedied it' " (*Cooke v City of New York*, 300 AD2d 338, 339 [2002], quoting *Valentine v City of New York*, 86 AD2d 381, 383 [1982], *affd* 57 NY2d 932 [1982]; *see also Wines v City of New York*, 283 AD2d 639, 640 [2001]). On a motion for summary judgment,

the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (see *Valentine v City of New York*, 57 NY2d 932 [1982]).

The city defendants demonstrated their entitlement to judgment as a matter of law by submitting evidence, which included climatological data, that they did not have a reasonably sufficient period of time after the cessation of a snow storm to clear the accident site before the plaintiff's fall. In opposition to the city defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention is without merit. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.