■ Thomas Burniston et al., Respondents, v Ranric Enterprises Corp., Appellant. [21 NYS3d 694]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Putnam County (Lubell, J.), dated September 16, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Thomas Burniston (hereinafter the injured plaintiff) alleged that on January 7, 2009, at approximately 7:30 a.m., he slipped and fell due to an accumulation of snow and ice in a parking lot owned by the defendant.

" 'A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence' " (*Haberman v Meyer*, 120 AD3d 1301, 1301 [2014], quoting *Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777, 778 [2013]; *see Anderson v Landmark at Eastview, Inc.*, 129 AD3d 750, 751 [2015]; *Cruz v Rampersad*, 110 AD3d 669, 669 [2013]; *Olivieri v GM Realty Co., LLC*, 37 AD3d 569 [2007]). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Anderson v Landmark at Eastview, Inc.*, 129 AD3d at 751; *McCurdy v KYMA Holdings, LLC*, 109 AD3d 799 [2013]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839, 840 [2012]).

The evidence submitted by the defendant in support of its

motion for summary judgment, including certified climatological data, a report from the plaintiffs' own expert meteorologist, and the transcripts of the deposition testimony of the parties, demonstrated, prima facie, that a storm was in progress at the time of the subject accident (*see Talamas v Metropolitan Transp. Auth.*, 120 AD3d 1333 [2014]; *Meyers v Big Six Towers, Inc.*, 85 AD3d 877 [2011]; *Alers v La Bonne Vie Org.*, 54 AD3d 698 [2008]; *Skouras v New York City Tr. Auth.*, 48 AD3d 547 [2008]). The plaintiffs do not contend otherwise.

Accordingly, the burden shifted to the plaintiffs to raise a triable issue of fact as to whether the injured plaintiff's fall was caused by something other than precipitation from the storm in progress (*see Meyers v Big Six Towers, Inc.*, 85 AD3d at 877-878; *Alers v La Bonne Vie Org.*, 54 AD3d at 698). In order to do so, the plaintiffs were "required to raise a triable issue of fact as to whether the accident was caused by a slippery condition at the location where the [injured] plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition" (*Meyers v Big Six Towers, Inc.*, 85 AD3d at 878). The plaintiffs raised a triable issue of fact in this regard. The evidence relied upon by the plaintiffs in opposition to the defendant's motion, which included the report of their expert meteorologist, certified climatological data, and the affidavits of the injured plaintiff and two nonparty witnesses, raised a triable issue of fact as to whether the injured plaintiff slipped and fell on old snow and ice that was the product of a prior storm, as opposed to precipitation from the storm in progress, and as to whether the defendant had constructive notice of the preexisting condition (*cf. Talamas v Metropolitan Transp. Auth.*, 120 AD3d at 1333; *Jenkins v Rising Dev.-BPS, LLC*, 105 AD3d 568 [2013]; *Meyers v Big Six Towers, Inc.*, 85 AD3d at 877; *Alers v La Bonne Vie Org.*, 54 AD3d at 699). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.