■ Lucia Montes, Appellant, v City of New York, Respondent, et al., Defendant. [35 NYS3d 352]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated October 17, 2013, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, the City of New York to recover damages for personal injuries she allegedly sustained when she slipped and fell on ice while walking on a sidewalk abutting a one-family residential property in Queens. The Supreme Court granted the City's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it.

" 'Under the storm in progress rule, the City generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter' " (*Riviere v City of New York*, 127 AD3d 720, 720 [2015], quoting *Mazzella v City of New York*, 72 AD3d 755, 756 [2010]; *see Sherman v New York State Thruway Auth.*, 27 NY3d 1019 [2016]; *Rusin v City of New York*, 133 AD3d 648, 648-649 [2015]). "A reasonable period of time is the period 'within which the municipality should have taken notice of the icy condition and, in the exercise of reasonable care, remedied it' " (*Cooke v City of New York*, 300 AD3d 338, 339 [2002], quoting *Valentine v City of New York*, 86 AD2d 381, 383 [1982], *affd* 57 NY2d 932 [1982]; *see Riviere v City of New York*, 127 AD3d at 720).

The City established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence, which included climatological data, demonstrating that it did not have a reasonably sufficient period of time after the cessation of snowfall on the afternoon of January 7, 2011 to clear the accident site prior to the plaintiff's fall on the morning of January 8, 2011 (*see Riviere v City of New York*, 127 AD3d at 721; *Gutierrez v City of New York*, 292 AD2d 419, 420 [2002]; *Wines v City of New York*, 283 AD2d 639, 640 [2001]; *see also Saavedra v City of New York*, 137 AD3d 421 [2016]). In opposition to the City's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Reagan v Hartsdale Tenants Corp.*, 27 AD3d 716, 718 [2006]; *Dowden v Long Is. R.R.*, 305 AD2d 631, 631-632 [2003]; *Chapman v City of New York*, 268 AD2d 498 [2000]).

Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismiss-

ing the complaint insofar as asserted against it. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.