Gervasi v Blagojevic (2018 NY Slip Op 00823)





Gervasi v Blagojevic


2018 NY Slip Op 00823


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-11448
 (Index No. 9823/14)

[*1]Diane Gervasi, etc., appellant, 
v
Slobodan Blagojevic, respondent.


Holihan & Associates, P.C., Richmond Hill, NY (Nazareth Markarian and Stephen Holihan of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Maggie O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered October 19, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On January 5, 2014, at about 9:30 a.m., Frank Gervasi allegedly slipped and fell on ice on a sidewalk abutting the defendant's property in Middle Village, Queens. After the fall, Frank Gervasi had no recollection of the incident due to his injuries, and his wife, Diane Gervasi, was appointed as his guardian. Diane Gervasi, individually and as guardian for the person and property of Frank Gervasi (hereinafter the plaintiff), commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, arguing that he could not be held liable because the icy condition was created by precipitation during a storm in progress. The Supreme Court granted the motion. The plaintiff appeals.
Under the "storm in progress" rule, a property owner will not be held liable in negligence for accidents occurring as a result of a slippery snow or ice condition "occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; see Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d 648, 649; Ryan v Taconic Realty Assoc., 122 AD3d 708, 709; Marchese v Skenderi, 51 AD3d 642). Here, in support of his motion, the defendant submitted his deposition testimony, the plaintiff's deposition testimony, and the affidavit of a meteorologist with attached certified climatological data, which demonstrated that, at the time of the accident, freezing rain was falling and the temperature was at or below freezing. Accordingly, the defendant established, prima facie, that a storm was ongoing at the time of Frank Gervasi's fall (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1021; Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d at 649-650; Burniston v Ranric Enters. Corp., 134 AD3d 973, 973-974; Fisher v Kasten, 124 AD3d 714, 715; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840).
In opposition, however, the plaintiff raised a triable issue of fact as to whether the icy [*2]condition that caused the fall existed prior to the storm in progress (see Burniston v Ranric Enters. Corp., 134 AD3d at 973-974; McLaughlin v 22 New Scotland Ave., LLC, 132 AD3d 1190, 1191; Penn v 57-63 Wadsworth Terrace Holding, LLC, 112 AD3d 426; see also Ndiaye v NEP W. 119th St. LP, 124 AD3d 427, 428; cf. Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 840; Alers v La Bonne Vie Org., 54 AD3d 698, 699; Reagan v Hartsdale Tenants Corp., 27 AD3d 716). At her deposition, the plaintiff testified that when she found Frank Gervasi lying on the sidewalk after the accident, the sidewalk was covered by a layer of ice that was approximately one inch thick. In her affidavit in opposition, the plaintiff again stated that the ice was approximately one inch thick. The plaintiff further submitted an affidavit from her own meteorologist, who opined that given the small amount of precipitation that fell on the morning of the accident prior to the accident, the one-inch-thick layer of ice was not the product of the storm in progress. To the contrary, the plaintiff's expert meteorologist opined that the ice was caused by substantial precipitation from a storm that occurred one or two days (at least 30 hours) prior to the storm in progress. Contrary to the Supreme Court's determination, this expert opinion was not speculative. The plaintiff's expert relied upon undisputed meteorological records, considered the plaintiff's description of the ice, and explained how the meteorological events led to the formation of the particular patch of ice. This was sufficient to raise a triable issue of fact (see Rodriguez v Woods, 121 AD3d 474, 476; cf. McCord v Olympia & York Maiden Lane Co., 8 AD3d 634, 636; cf. also Bernstein v City of New York, 69 NY2d 1020, 1022).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention need not be reached in light of our determination.
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court