Hyun Kyung Oh v Sky View Towers Holding, LLC (2018 NY Slip Op 08471)





Hyun Kyung Oh v Sky View Towers Holding, LLC


2018 NY Slip Op 08471


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-09282
 (Index No. 705536/14)

[*1]Hyun Kyung Oh, etc., respondent, 
v
Sky View Towers Holding, LLC, et al., appellants, et al., defendant.


Margaret G. Klein (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Andrew Park, P.C., New York, NY (Steve J. Park of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Sky View Towers Holding, LLC, and Lidia Management Corp. appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered August 11, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On February 9, 2014, Tae H. Oh (hereinafter the decedent), allegedly was injured when he slipped and fell on ice on a public sidewalk abutting premises owned by the defendant Sky View Towers Holdings, LLC, and managed by the defendant Lidia Management Corp. (hereinafter together the appellants). The decedent commenced this action to recover damages for personal injuries against the appellants, among others, alleging negligence in the maintenance of the sidewalk. After joinder of issue, the appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied their motion, and this appeal ensued. During the pendency of the appeal, the decedent passed away and the executor for his estate, Hyun Kyung Oh, was substituted as plaintiff.
In support of their motion, the appellants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including the affidavits of meteorologists, as well as certified climatological data, which demonstrated that the accident occurred while a storm was in progress (see Dylan v CEJ Props., LLC, 148 AD3d 1115, 1116; Ryan v Taconic Realty Assoc., 122 AD3d 708, 709; Huan Nu Lu v New York City Tr. Auth., 113 AD3d 818, 819; Marchese v Skenderi, 51 AD3d 642, 643). However, the evidence submitted in opposition by the plaintiff, which included the affidavit of a meteorologist, raised a triable issue of fact as to whether snow removal efforts the appellants undertook prior to the subject accident created or exacerbated the ice condition which allegedly caused the accident (see Dylan v CEJ Properties, LLC, 148 AD3d at 1116). The evidence submitted by the plaintiff also raised triable issues of fact as to whether the decedent slipped and fell on old ice that was the product of prior storms that occurred on February 3, 2014, and February 5, 2014, as opposed to precipitation from the storm in progress, and whether [*2]the appellants had constructive notice of the preexisting condition (see Burniston v Ranric Enters. Corp., 134 AD3d 973; Candelier v City of New York, 129 AD2d 145). Accordingly, we agree with the Supreme Court's denial of the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court