Isabel v New York City Hous. Auth. (2019 NY Slip Op 02506)





Isabel v New York City Hous. Auth.


2019 NY Slip Op 02506


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-11507
 (Index No. 13561/15)

[*1]Beatriz Isabel, appellant, 
v
New York City Housing Authority, respondent.


David Resnick & Associates, P.C., New York, NY (Ephrem J. Wertenteil of counsel), for appellant.
Cullen and Dykman LLP, New York, NY (Dawn C. Wheeler of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 20, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On January 18, 2015, at approximately 7:45 a.m., the plaintiff allegedly slipped and fell on ice while walking on a pathway at the rear entrance to her apartment building in Brooklyn. The defendant was the owner of the premises where the plaintiff resided. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, the maintenance of the pathway. After joinder of issue and the filing of the note of issue, the defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that the storm in progress rule applied. The Supreme Court granted the motion, and the plaintiff appeals.
Under the storm in progress rule, a property owner will not be held liable in negligence for accidents occurring as a result of a slippery snow or ice condition "occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; see Marchese v Skenderi, 51 AD3d 642). Here, in support of its motion, the defendant submitted, inter alia, the affidavit and report of a meteorologist with attached certified climatological data, which demonstrated that, at the time of the plaintiff's accident, a wintery mix of freezing rain, sleet, and rain was falling and the temperature may have been at or below freezing. Accordingly, the defendant established, prima facie, that a storm was ongoing at the time of the plaintiff's fall (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1021).
In opposition, however, the plaintiff raised a triable issue of fact, via her General Municipal Law § 50-h hearing testimony, her deposition testimony, and the affidavit of her brother, as to whether the icy condition that caused her fall existed prior to the storm in progress and whether the defendant had constructive notice of the hazard (see Washington v Trustees of the M.E. Church [*2]of Livingston Manor, 162 AD3d 1368; Burniston v Ranric Enters. Corp., 134 AD3d 973; see also Gervasi v Blagojevic, 158 AD3d 613, 614).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court