******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LLOYD CARTY *v.* MERCHANT 99-111 FOUNDERS, LLC
## (AC 46511)

Bright, C. J., and Clark and Westbrook, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for personal injuries he sustained in connection with an alleged slip and fall as a result of untreated ice on premises owned, controlled, and maintained by the defendant. The trial court granted the defendant's motion for summary judgment on the basis of the ongoing storm doctrine, and the plaintiff appealed to this court. *Held* that the trial court properly granted the defendant's motion for summary judgment as it was undisputed that there was an ongoing storm at the time the plaintiff fell, the defendant satisfied its initial burden of establishing, prima facie, that it neither created the snow and ice condition nor did it have actual or constructive notice of the condition, and the plaintiff failed to satisfy his burden of raising a genuine issue of material fact with respect to whether the icy condition existed prior to the storm that was ongoing at the time of his fall.

Argued April 25—officially released August 27, 2024

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Rosen, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*William B. Wynne*, for the appellant (plaintiff).

*Sarah B. Christie*, with whom, on the brief, were *Colleen M. Garlick* and *Nicholas G. Dimopoulos*, for the appellee (defendant).

*Opinion*

CLARK, J. The plaintiff, Lloyd Carty, appeals from the summary judgment rendered by the trial court in favor of the defendant, Merchant 99-111 Founders,

LLC,[1] on the plaintiff's one count complaint sounding in premises liability arising out of his slip and fall. On appeal, the plaintiff claims that the court improperly rendered summary judgment in favor of the defendant on the basis of the ongoing storm doctrine because (1) the defendant never produced evidence to refute the claim that the plaintiff fell on preexisting ice, and (2) the plaintiff raised genuine issues of material fact as to whether he fell on preexisting ice.[2] We affirm the judgment of the trial court.

We begin with the relevant procedural history of the case. On January 7, 2021, the plaintiff commenced the present action against the defendant in which he asserted a claim sounding in premises liability arising out of his alleged slip and fall. In support of his claim, he alleged that, on March 10, 2019, he was walking on the exterior of the premises known as 111 Founders Plaza in East Hartford (plaza), which is owned by the defendant. He was caused to slip and fall by reason of a dangerous and defective condition, namely, an accumulation of snow and ice that had been present for

[1] On November 12, 2021, the defendant filed a motion to serve a third-party complaint on Pinewood Landscaping, LLC (Pinewood). The defendant alleged that BrightView Landscapes, LLC, was retained by the defendant for snow removal services which, in turn, subcontracted with Pinewood, that the defendant was a third-party beneficiary to the subcontract agreement, and that the agreement provided that Pinewood shall hold harmless and indemnify the defendant and to include the defendant as an additional insured on its liability policy to protect the defendant from claims such as the present claim. On December 20, 2021, the court granted the defendant's motion to implead Pinewood. Pinewood was not a party to the motion for summary judgment and is not participating in this appeal.

[2] The plaintiff also claims that "the trial court improperly substituted its judgment for that of the trier of fact and deprived the plaintiff-appellant of his right to a jury trial." At oral argument before this court, the plaintiff conceded that this claim is better characterized as an argument that summary judgment was improperly rendered. Therefore, although the plaintiff attempted to brief this argument as a separate claim, we read the substance of this claim as part of his more general argument that the court improperly granted the defendant's motion for summary judgment, which we address in our analysis of the plaintiff's other two claims.

some time, which was not visible to pedestrians. As a result of such fall, he suffered various injuries and losses, and incurred (and may continue to incur) expenses for medical care and attention, hospital care, X-rays, physical therapy, and prescriptions, among other things.

On March 25, 2021, the defendant answered the complaint and asserted a special defense alleging that the plaintiff's alleged injuries and damages were caused, in whole or in part, by his own negligence.

On October 6, 2022, the defendant filed a motion for summary judgment, accompanied by a supporting memorandum of law. The defendant argued that it was entitled to summary judgment because there was no genuine issue of material fact that the plaintiff's injuries occurred during an ongoing snowstorm and that, consequently, pursuant to the ongoing storm doctrine, the defendant did not owe any legal duty to the plaintiff at the time of the incident and could not, as a matter of law, be found negligent. As evidentiary support for its motion, the defendant submitted transcript excerpts from the August 26, 2022 deposition of the plaintiff and a police report produced by the East Hartford Police Department.

The plaintiff testified during his deposition that, on March 10, 2019, at approximately 8 a.m., he had just finished working his shift as a security guard at the plaza and was on his way home after being relieved by his coworker, Christian Burton. Before the plaintiff left, Burton told him that Pitkin Street was slippery, and that he had slipped on his way in to work. As the plaintiff was leaving work, he observed that it was actively snowing and that the roads, parking lot, and sidewalks were covered with snow. He also observed plow trucks and a snow removal crew working, which he saw arrive at the property at some point during his shift.

The plaintiff testified that he walked on the sidewalk in front of the plaza and headed across the parking lot of the Hampton Inn & Suites toward the sidewalk along Pitkin Street, which was the route he typically took to access the Founders Bridge into downtown Hartford on his route home. As the plaintiff was walking down the sidewalk near the Hampton Inn & Suites, he slipped on a patch of ice that was underneath the snow and fell onto his knees and then onto his stomach. Once he was able to get up, he tried to continue walking but was only able to reach East River Drive before his pain was too much to bear. He then sat down on a staircase in a commuter parking lot and called 911. An ambulance arrived first, followed by an East Hartford police officer, who spoke to the plaintiff about his fall. The plaintiff told the officer the general area where he fell, and the officer located the area and took photographs, which were included in the police report.

As to the weather conditions on the day of his fall, the plaintiff testified that, when he arrived at work, he did not recall it snowing and that the parking lot and sidewalks were clear. According to the plaintiff, it started snowing in the morning on the day of his fall while he was working indoors. Although he could not recall exactly when he first noticed that it had begun to snow, it was snowing when he fell, and the roads, parking lot, and sidewalks were covered with snow at that time. With respect to the condition of the sidewalk where he fell, the plaintiff could not recall whether there had been any snow or ice on the sidewalk the day before his fall. He also testified that he did not know how or when the ice that caused him to slip and fall had formed, how long that ice was there before he fell, how thick the ice was, or whether it was formed during the ongoing storm. To the best of the plaintiff's recollection, it had last snowed early during the week leading up to his fall. The plaintiff also testified that,

at some point during the week leading up to his fall, he noticed water on the sidewalk in the general area where he fell.

On January 18, 2023, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment with appended exhibits, including additional transcript excerpts from his deposition and a "certified copy of the United States Department of Commerce meteorological records from the National Centers for Environmental Information in Asheville, North Carolina" (weather records). In his memorandum of law, the plaintiff argued that there existed a genuine issue of material fact with respect to whether the ice that caused him to fall had formed prior to the storm that was ongoing when he fell. In support of that contention, he pointed to his deposition testimony that he had seen water on the sidewalk in the area where he fell during the week leading up to his fall and to the weather records, which, according to him, proved that there had been precipitation during the week leading up to his fall and that the temperature had ranged above and below freezing throughout that period.

The plaintiff also filed an affidavit in opposition to the defendant's motion for summary judgment on January 23, 2023. In his affidavit, the plaintiff stated, inter alia, that he "was caused to fall by reason of ice that was present underneath snow that had fallen overnight," that "[i]n the week before [he] fell, [he saw] ice on the sidewalk in the area where [he] fell, and that, "[d]uring [the week that he fell], [he saw] water on the sidewalks and the temperatures had fallen below freezing [at night]."

At an April 17, 2023 hearing, the court, *Rosen, J.*, heard oral argument on the defendant's motion for summary judgment. On April 28, 2023, the court issued a memorandum of decision in which it granted the

defendant's motion for summary judgment. In its memorandum of decision, the court stated: "In the present case, it is undisputed that there was an ongoing storm when the plaintiff fell. The plaintiff testified at his deposition that it was snowing when the incident occurred, a fact corroborated by the [weather] records submitted by the plaintiff. . . . As such, the defendant has met its burden under the ongoing storm doctrine. The plaintiff must therefore show that the condition that caused the plaintiff to fall preexisted the ongoing storm and that the defendant had notice of the condition. . . .

"The plaintiff avers that a few days prior to the incident, he saw ice on the sidewalk in the area where he fell. . . . At his deposition, the plaintiff could not recall whether there had been any snow or ice on the sidewalk the day before the incident. . . . The plaintiff also could not conclusively state that the ice had not formed during the ongoing storm. . . . The plaintiff did not know when the ice first appeared, how it formed, or how long it had been on the ground. . . . Nor did he know its thickness. . . .

"The plaintiff's averment that he saw ice in the general vicinity of where he fell a few days before he fell is insufficient to satisfy his burden. The plaintiff submitted [weather] records to support his argument that ice was present in the days preceding his fall. . . . However, those records, while supporting the notion that ice could have formed before his fall, do not raise a genuine issue of material fact that ice had in fact formed, was present in the area on the day he fell, establish its thickness, or when it formed. . . . How and when the ice formed is therefore speculation and conjecture, and is insufficient to raise a genuine issue of material fact. The plaintiff also has not shown that the defendant had notice of the allegedly preexisting condition. Evidence that there was ice in the general vicinity of the accident is insufficient to raise a genuine issue of material fact

as to whether the defendant had actual or constructive notice. *Belevich* v. *Renaissance I, LLC,* [207 Conn. App. 119, 131, 261 A.3d 1 (2021)]. . . . For all of the foregoing reasons, the defendant's motion for summary judgment is granted." (Citations omitted.) This appeal followed. Additional facts and procedural history will be set forth as necessary.

On appeal, the plaintiff claims that the court improperly granted summary judgment in favor of the defendant on the basis of the ongoing storm doctrine because (1) the defendant never produced evidence to refute the claim that the plaintiff fell on preexisting ice and (2) the plaintiff raised genuine issues of material fact as to whether he fell on preexisting ice. We disagree.

We begin by setting forth the standard of review and legal principles necessary to our resolution of this appeal. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of

such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Belevich* v. *Renaissance I, LLC*, supra, 207 Conn. App. 124.

In *Kraus* v. *Newton*, 211 Conn. 191, 558 A.2d 240 (1989), our Supreme Court held that, "[i]n the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps." Id., 197–98. The court reasoned that "[t]o require a landlord or other inviter to keep walks and steps clear of dangerous accumulations of ice, sleet or snow or to spread sand or ashes while a storm continues is inexpedient and impractical." Id., 198. The court also held, however, that its decision did "not foreclose submission to the jury, on a proper evidentiary foundation, of the factual determinations of whether a storm has ended or whether a plaintiff's injury has resulted from new ice or old ice when the effects of separate storms begin to converge." Id.

More recently, this court, in *Belevich*, clarified "(1) precisely what a movant for summary judgment must demonstrate to satisfy its initial burden when relying on the [ongoing storm] doctrine and (2) any burden-shifting that may follow." *Belevich* v. *Renaissance I, LLC*, supra, 207 Conn. App. 126. "Noting the scant authority from other jurisdictions on the issue of the ongoing storm doctrine in the context of summary judgment, this court [in *Belevich*] adopted, as a matter of Connecticut common law, the approach taken by the

New York Appellate Division in *Meyers* v. *Big Six Towers, Inc.*, 85 App. Div. 3d 877, 877–78, 925 N.Y.S.2d 607 (2011), which held that, '[a]s the proponent of the motion for summary judgment, the defendant ha[s] to establish, prima facie, that it neither created the snow and ice condition nor had actual or constructive notice of the condition . . . . [T]he defendant [may sustain] this burden by presenting evidence that there was a storm in progress when the plaintiff fell . . . . [Upon the defendant meeting its burden], the burden shift[s] to the plaintiff to raise a triable issue of fact as to whether the precipitation from the storm in progress was not the cause of his accident . . . . To do so, the plaintiff [is] required to raise a triable issue of fact as to whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition . . . .' " *Herrera* v. *Meadow Hill, Inc.*, 217 Conn. App. 671, 681, 290 A.3d 377 (2023).

The plaintiff first claims that the court erred in rendering summary judgment for the defendant because the defendant failed to produce any evidence refuting the plaintiff's claim that he fell on preexisting ice. Specifically, the plaintiff argues that "[i]n its motion for summary judgment, the only evidence offered by the [defendant] is excerpts of the plaintiff's deposition and a police report" including the plaintiff's testimony "that it was snowing when he fell." In making this argument, the plaintiff misstates the nature of the defendant's burden on summary judgment under the ongoing storm doctrine. "As the proponent of the motion for summary judgment, the defendant ha[s] to establish, prima facie, that it neither created the snow and ice condition nor had actual or constructive notice of the condition . . . . [T]he defendant [may sustain] this burden by presenting

evidence that there was a storm in progress when the plaintiff fell . . . .” (Internal quotation marks omitted.) *Belevich* v. *Renaissance I, LLC*, supra, 207 Conn. App. 127. Once the defendant sustains his burden, the burden shifts to the plaintiff, at which time the plaintiff must raise a triable issue of fact as to whether his fall was caused by a slippery condition that existed prior to the ongoing storm and whether the defendant had actual or constructive notice of the allegedly preexisting condition. Id., 129.

We first consider, therefore, whether the trial court correctly determined that the defendant satisfied its initial burden in establishing “prima facie, that it neither created the snow and ice condition nor had actual or constructive notice of the condition . . . .” (Internal quotation marks omitted.) Id., 127. In support of its motion for summary judgment, the defendant submitted the plaintiff’s deposition testimony that there was a storm in progress at the time of his fall. Specifically, the defendant presented excerpts from the plaintiff’s deposition in which he testified that: (1) it was snowing when he left the building after his shift ended; (2) it had started snowing earlier that morning; and (3) when he left work, it was still snowing and the sidewalk where he fell was covered with snow. In addition, at oral argument before this court, the plaintiff conceded that it was undisputed that there was an ongoing storm at the time of his fall. Thus, we conclude that the trial court correctly concluded that the defendant satisfied its initial burden of establishing, prima facie, that it neither created the snow and ice condition nor had actual or constructive notice of the condition. See id. (“[t]he defendant [may sustain] this burden by presenting evidence that there was a storm in progress when the plaintiff fell” (internal quotation marks omitted)).

Accordingly, the burden shifted to the plaintiff to demonstrate the existence of a genuine issue of material

fact as to whether the plaintiff's fall was caused by a preexisting condition and whether the defendant had actual or constructive notice of the allegedly preexisting condition. The plaintiff claims that he satisfied that burden through his affidavit, deposition transcripts, and the weather records that he introduced into evidence. We are not persuaded.

We begin by setting forth the standard adopted by this court in *Belevich* regarding the plaintiff's burden on summary judgment under the ongoing storm doctrine. The court in *Belevich*, relying on various New York state court cases, made clear that evidence presented by a plaintiff to demonstrate the existence of a genuine issue of material fact cannot require a jury to resort to conjecture and speculation in order to find that there was a preexisting slippery condition that caused the plaintiff to fall. See *Campanella* v. *St. John's University*, 176 App. Div. 3d 913, 913, 112 N.Y.S.3d 153 (2019) (plaintiff failed to raise triable issue of fact where "the opinions contained in an affidavit of the plaintiff's meteorologist as to when and how the alleged ice patch was formed were based on speculation and conjecture"), appeal denied, 35 N.Y.3d 914, 153 N.E.3d 447, 130 N.Y.S.3d 2 (2020); *Battaglia* v. *MDC Concourse Center, LLC*, 175 App. Div. 3d 1026, 1027–28, 108 N.Y.S.3d 607 (2019) (court found that nothing in plaintiff's deposition testimony or any evidence she submitted raised triable issue of fact and, therefore, "[t]o say that old ice caused the subject ice patch as opposed to the storm in progress would require a jury to resort to conjecture and speculation in order to determine the cause of the incident" (internal quotation marks omitted)), aff'd, 34 N.Y.3d 1164, 144 N.E.3d 367, 121 N.Y.S.3d 757 (2020); *Powell* v. *Cedar Manor Mutual Housing Corp.*, 45 App. Div. 3d 749, 750, 844 N.Y.S.2d 890 (2007) ("plaintiff's contention that she fell on 'old ice' from a prior storm which was hidden under the new snowfall

is mere speculation and insufficient to defeat the defendants' motion for summary judgment"); *DeVito* v. *Harrison House Associates*, 41 App. Div. 3d 420, 421, 837 N.Y.S.2d 726 (2007) ("plaintiff's allegations that the ice which allegedly caused her accident had been present for 'a day or two,' or that it was 'from another time,' were insufficient to raise a triable issue of fact as to whether she fell on 'old' ice"). Furthermore, the court stated that, "under the New York burden-shifting approach that we expressly adopt today, even [e]vidence that there was ice in the general vicinity of the accident prior to the storm is insufficient to raise a triable issue of fact as to whether the defendant had actual or constructive notice of the condition of the specific area within the parking lot where the plaintiff fell . . . ." (Internal quotation marks omitted.) *Belevich* v. *Renaissance I, LLC*, supra, 207 Conn. App. 131.

The plaintiff contends that his deposition testimony and affidavit, in conjunction with the weather records he submitted in opposition to the defendant's motion for summary judgment, created a genuine issue of material fact with respect to whether he fell on preexisting ice and whether the defendant had actual or constructive notice of that condition. First, the plaintiff argues that his deposition testimony and his affidavit demonstrate that "the ice upon which he fell was preexisting." At his deposition, the plaintiff testified that he "slipped on a patch of ice that was underneath the snow." Additionally, he testified that it had been snowing throughout the morning while he was working and that, when he left work, it was actively snowing and there was an accumulation of snow on the ground from the storm. The plaintiff further testified that he did not know how thick the ice he slipped on was, but that his best guess was that it was less than one inch thick, and that it was clear in color. The plaintiff also testified that he did not know when the ice first appeared, how long it had been

on the ground before his fall, or how it formed. In response to a question as to how the ice formed, the plaintiff responded: "I don't think I can say [that] it was not due to the weather conditions that [occurred] on that day." Although the plaintiff attempted to walk back that testimony, stating that the ice "did not look like it was caused" by the current storm, he nevertheless admitted that he was "not sure how it got there." Last, the plaintiff testified at his deposition that during the week leading up to his fall he had observed water, not ice, on the sidewalk in the general area where he fell. In his subsequent affidavit in opposition to the defendant's motion for summary judgment, however, the plaintiff contradicted that deposition testimony and swore that a few days prior to his fall, he saw ice and water on the sidewalk in the area where he fell.

In addition to his deposition testimony and affidavit, the plaintiff also points to the weather records he submitted in opposition to the defendant's motion for summary judgment. He contends that those records support his assertion that, "in the week prior to the fall, there was precipitation that coincided with temperatures above and below . . . freezing levels." The plaintiff offered no expert testimony interpreting or analyzing those weather records, however, and the records themselves constitute no more than raw weather data, including temperature ranges, precipitation levels, pressure levels, and wind levels during the period leading up to the storm and the plaintiff's fall.

On the basis of our plenary review of the entire record that was before the court, we conclude that the trial court correctly determined that the plaintiff failed to satisfy his burden of presenting evidence sufficient to create a genuine issue of material fact with respect to whether the ice that caused him to fall was present prior to the advent of the storm that was ongoing when he fell. The evidence put forth by the plaintiff would,

at best, require a jury to speculate on that point. Neither the plaintiff nor any other witness testified that the ice that caused him to fall was present prior to the ongoing storm. On the contrary, the plaintiff admitted during his deposition that he was "not sure how [the ice] got there" and that he could not say that it was not due to the weather conditions that had occurred on that day. The weather records that the plaintiff submitted also failed to create a genuine issue of material fact with respect to whether the ice that caused him to fall was present prior to the storm. At best, those records show that it is possible that surface water may have been present in the geographic region to which the records pertained and that such water conceivably could have frozen at one point or another somewhere within that region. Asking a jury to conclude on the basis of those records that the specific ice patch that caused the plaintiff to fall was formed from precipitation that had fallen prior to the day of the storm, however, would require a jury to engage in the kind of speculation and conjecture that this court has held is impermissible under the ongoing storm doctrine. See *Belevich* v. *Renaissance I, LLC*, supra, 207 Conn. App. 130–31.

Last, we note that, although the plaintiff testified at his deposition that, in the week before he fell, he saw water in the area where he fell and further swore in his affidavit that, in the week before he fell, he saw ice on the sidewalk in the area where he fell, the plaintiff did not claim that he had observed ice in the precise area where he fell on the sidewalk before the storm began or that he saw ice at that location at a time when it likely would have remained in that condition during the time leading up to his fall. This court has held that, "even [e]vidence that there was ice in the general vicinity of the accident prior to the storm is insufficient to raise a triable issue of fact as to whether the defendant had actual or constructive notice of the condition

of the specific area . . . where the plaintiff fell . . . ." (Internal quotation marks omitted.) Id., 131.

As a result, we conclude that the trial court properly granted the defendant's motion for summary judgment because the plaintiff failed to satisfy his burden of raising a genuine issue of material fact with respect to whether the condition that caused him to sustain his alleged injuries existed prior to the storm that was ongoing at the time of his fall, or whether the defendant had actual or constructive notice of the condition of the sidewalk where the plaintiff fell.

The judgment is affirmed.

In this opinion the other judges concurred.